UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN BRODER,

                        Plaintiff,

-against-

WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS, et al.,

                        Defendants.

**ORDER OF SERVICE**

7:25-CV-7360 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Justin Broder, who filed this action while he was held in the Westchester County Jail,[1] brings this action *pro se*, seeking damages and injunctive relief, and alleging that the defendants violated his federal constitutional rights. Plaintiff sues: (1) the Westchester County Department of Correction ("WCDOC")[2]; (2) WCDOC Correction Officer Lala; and (3) WCDOC Correction Sergeant Buckley. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

      By order dated September 22, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[3] The Court directs service on the defendants.

---

[1] It appears that Plaintiff is no longer in custody.

[2] Plaintiff refers to the WCDOC and to its full name in the caption of the complaint.

[3] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[4] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the defendants, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of the defendants. The Clerk of Court is further instructed to issue a summons for each of the defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on each of the defendants.

If summonses and the complaint are not served on the defendants within 90 days after the date that the summonses for the defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

---

[4]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve the defendants until 90 days after the date that summonses for the defendants issue.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to: (1) issue summonses for the defendants (the Westchester County Department of Correction, Correction Officer Lala, and Correction Sergeant Buckley); (2) complete USM-285 forms for the defendants; and (3) deliver all documents necessary to effect service of summonses and the complaint on the defendants to the USMS.

SO ORDERED.

Dated:  White Plains, New York
November 12, 2025

_____
PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESSES FOR DEFENDANTS**

1. The Westchester County Department of Correction
   10 Woods Road
   Valhalla, New York 10595

2. Correction Officer Lala
   10 Woods Road
   Valhalla, New York 10595

3. Correction Sergeant Buckley
   10 Woods Road
   Valhalla, New York 10595